IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**SEAN MURRAY,**

        **Plaintiff,**

v.                                                                  Case No.: 1:20-cv-00342

**ANDREW SAUL, Commissioner**
**of the Social Security Administration,**

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's applications for supplemental security income ("SSI") and a period of disability and disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and this action be removed from the docket of the Court.

I.  **Procedural History**

On May 10, 2016, Plaintiff filed applications for SSI and DIB, alleging a disability onset date of January 1, 2012. (Tr. at 17). The Social Security Administration denied Plaintiff's applications initially and upon reconsideration. Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). By written decision dated February 19, 2019, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. at 17-26). The ALJ's determination became the final decision of the Commissioner on January 22, 2020 when the Appeals Council denied Plaintiff's request for review of the decision. (Tr. at 1-6).

Plaintiff filed the instant action on May 14, 2020, along with an Application to Proceed Without Prepayment of Fees and Costs, (ECF Nos. 1, 2), which the undersigned granted on May 19, 2020. (ECF No. 5). Defendant was served with process and filed his answer and a transcript of the administrative proceedings on October 26, 2020. (ECF Nos. 14, 15). On December 10, 2020, the undersigned issued an Order, advising Plaintiff that his brief in support of judgment on the pleadings was past due and providing him with an additional month to submit the brief. (ECF No. 16). The docket sheet indicates that Plaintiff received the Order, but he did not comply with it.

Accordingly, on February 1, 2021, the undersigned issued a Show Cause Order, again advising Plaintiff that his brief was past due and notifying him that a failure to file the brief within thirty days would result in a recommendation of dismissal pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.. (ECF No 17). The docket sheet indicates that Plaintiff received the Show Cause Order. However, more than thirty days have expired since the Order was entered, and Plaintiff has failed to comply with its directive or contact the Court for further direction.

## II. **Discussion**

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case upon the motion of a defendant if the plaintiff fails to prosecute an action or comply with a court order. Local Rule of Civil Procedure 41.1, recognizing that the Court has its own interest in keeping its calendar clear of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1963), likewise authorizes the presiding judicial officer to dismiss a civil action when it appears "that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution." L. R. Civ. P. 41.1. In deciding whether to dismiss a case for failure to prosecute, the Court must consider "(1) the degree to which [Plaintiff] is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether [Plaintiff] has a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) whether there are sanctions less drastic than dismissal with prejudice." *Robertson v. Social Security Administration,* Case No. 4:13-cv-00065, 2014 WL 4567785, at *3 (W.D. Va. Sept. 12, 2014)( quoting *Herbert v. Saffell,* 887 F.2d 267, 270 (4th Cir. 1989)). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); *see also Morgan v. Colvin,* Case No. 3:13-cv-00397-MR-DLH, 2014 WL 695284, at *2 (W.D.N.C. Feb. 24, 2014) (collecting cases).

In the instant case, Plaintiff is wholly responsible for the delay in moving his case forward. Plaintiff was granted leave to proceed without prepaying the filing fee, a summons was issued, and process was served by the United States Marshals Service.

3

Although the Commissioner filed an answer and the transcript of the administrative proceedings, Plaintiff has taken no additional steps to prosecute the matter. Even after receiving a court order alerting him to the lateness of his brief and providing him with an additional thirty days in which to correct the deficiency, no action has been taken to prosecute Plaintiff's complaint. Plaintiff's failure to respond to the order demonstrates a deliberate intent to abandon the case. Given that the Commissioner's decision became final nearly fourteen months ago, and Plaintiff's complaint has been pending for nearly ten months, the delay is prejudicial to the Commissioner, who has been unable to discern, let alone respond, to Plaintiff's outstanding claims in the absence of any articulated challenges to the ALJ's findings.

Finally, no less drastic sanction than dismissal is feasible as Plaintiff has failed to make any contact with the Court, or provide any indication of his desire to pursue this litigation. Plaintiff likely cannot afford to pay monetary sanctions given his inability to pay the filing fee, and no other sanctions seem relevant to the circumstance. Accordingly, dismissal, without prejudice, is warranted. Moreover, "courts in this Circuit routinely dismiss cases under similar circumstances." *Morgan,* 2014 WL 695284, at *3 (collecting cases); *Dudley v. Colvin,* Case No. 4:12-cv-174, 2013 WL 3242377 (E.D. Va. Jun. 24, 2013).

### III. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's complaint, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and remove this action from the docket of the Court.

**The parties are hereby notified** that this "Proposed Findings and Recommendations" is now **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and counsel of record.

**FILED**: March 10, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge